IN THE SUPREME COURT OF THE STATE OF DELAWARE

JERMAINE KING, §
§
Defendant Below, § No. 626, 2018
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 0805039623 (S)
§
Plaintiff Below, §
Appellee. §

Submitted: January 22, 2019
Decided: March 21, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

After careful consideration of the appellant's opening brief, the appellee's motion to affirm,[1] and the record below, we conclude that Superior Court order, dated December 6, 2018, summarily dismissing the appellant's second motion for postconviction relief under Superior Court Criminal Rule 61 should be affirmed. The Superior Court did not err in concluding that the motion was procedurally barred and did not satisfy the pleading requirements of Superior Court Criminal Rule 61(d)(2). As to the appellant's contention that the Superior Court should have

---

[1] On January 31, 2019, the appellant filed a motion for leave to respond to the motion to affirm. Under Supreme Court Rule 25(a), a response to a motion to affirm is not permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no reason to request a response after considering the appellant's motion.

considered his claims under Superior Court Criminal Rule 35(a), his habitual offender sentence is not illegal under the United Supreme Court's decision in *Johnson v. United States*[2] as the appellant contends.[3]

NOW, THEREFORE, IT IS ORDERED that the motion for leave to respond to the motion to affirm is DENIED. The motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] 135 S. Ct. 2551, 2563 (2015) (holding that portion of Armed Career Criminal Act providing for enhanced sentence for someone with three previous convictions for a "violent felony" was unconstitutionally vague because "violent felony" was defined, in part, as involving "conduct that presents a serious potential risk of physical injury to another").

[3] *See, e.g., Jones v. State*, 2016 WL 2929109, at *2 (Del. May 16, 2016) ("Because the language at issue in *Johnson* does not appear in Delaware's habitual offender statute, 11 Del. C. § 4214, this Court has held that the holding of *Johnson* does not apply under Delaware law."); *Priest v. State*, 2015 WL 7424860, at *1 (Del. Nov. 20, 2015) (rejecting defendant's reliance on *Johnson* to argue that his sentence was illegal because he was sentenced under 11 *Del. C.* § 4214(a), not the residual clause of the Armed Career Criminal Act).